UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELINE G.,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. 1:26-cv-03491-TLN-SCR<br><br>A # 240-958-759<br><br>**ORDER** |

This matter is before the Court on Petitioner Joseline G.'s [1] ("Petitioner") First Amended Petition for Writ of Habeas Corpus. (ECF No. 17.)  For the reasons set forth below, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 17.)

///

///

///

///

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only her first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is a noncitizen who entered the United States without inspection on an unknown date. (ECF No. 21-1 at 2.)  She has resided in the United States for over seventeen years, since the age of six.  (ECF No. 17 at 8.)  For almost two decades, Petitioner has developed strong ties to her community and lived with her family in Las Vegas. (*Id.*)  She has three minor U.S. citizen children, for whom she is the primary caregiver. (*Id.*)  She has applied for a U-visa and has been approved for employment authorization and deferred action on that basis from January 8, 2025 through January 7, 2029. (*Id.*)

Following an arrest for misdemeanor domestic battery, Petitioner was taken into immigration custody on February 9, 2026. (ECF No. 21-1 at 2.)  Petitioner is detained at the California City Detention Center and has been issued a Notice to Appear which alleges that Petitioner entered the United States without inspection or admission.  (ECF No. 17 at 9.)  She has remained in immigration detention without an individualized bond hearing since her arrest. (*Id.* at 2.)

On May 6, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order ("TRO"), challenging the lawfulness of her civil detention and seeking release.  (ECF Nos. 17, 18.)  On May 7, 2026, the Court granted Petitioner's motion for TRO and ordered Respondents to show cause why the Petition should not be granted.  (ECF No. 19.)  On May 13, 2026, Respondents filed an Opposition to Petition for Writ of Habeas Corpus.  (ECF No. 21.)  On May 14, 2026, Petitioner filed a reply.  (ECF No. 22.)  The Court now considers the Petition on its merits.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

---

[2]    These facts come from Petitioner's habeas petition.  (ECF No. 17.)  Respondents do not contest these facts.  (*See generally* ECF No. 21.)

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims her detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.[3]  (ECF No. 17 at 9–11.)  In opposition, Respondents contend Petitioner is subject to the mandatory detention scheme of 8 U.S.C. § 1225(b).  (ECF No. 21 at 1.)

A.    Immigration and Nationality Act

Section 1226(a) of the INA "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  The statute affords the Government broad discretion whether to release or detain the individual.  *Id.*  It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Conversely, 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)")) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the

---

[3]    Petitioner also challenges her detention as violating the Administrative Procedure Act. (ECF No. 17 at 11.)  As the Court concludes Petitioner's detention violates the Immigration and Nationality Act and the Due Process Clause, the Court need not address Petitioner's other claim.

United States who were detained by immigration authorities and subject to removal.

This Court has agreed with Petitioner that the text and legislative history of the INA demonstrates that § 1226(a) governs her detention, not § 1225, and she is entitled to the process § 1226(a) requires, including a bond hearing. (ECF No. 17 at 3–7.) This Court and many others have repeatedly found that § 1225(b) applies only to noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner who were detained within the United States. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position). To reiterate, absent a higher court order holding otherwise, this Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b). Petitioner is instead subject to § 1226(a) and is therefore entitled to the process that statute requires, including a bond hearing at a minimum. Yet, Respondents have not provided any hearing to Petitioner either pre- or post-detention. Respondents further offer no substantive opposition to these arguments. (*See* ECF No. 21.) The Court accordingly finds Respondents violated Petitioner's statutory rights under the INA.

### B.    Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies,

4

the question remains what process is due.").

i.        *Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in her continued freedom protected by the Due Process Clause.  Petitioner has lived in the United States for almost twenty years during which time she built a life, developed strong ties to her community, and cared for her family.  Additionally, Petitioner has been granted deferred action, which increased her reliance on her liberty interest.  (ECF No. 17 at 8.)  Petitioner was informed that from January 8, 2025, through January 7, 2029, the Department of Homeland Security would exercise its discretion not to pursue her removal and would authorize her to work.  (*Id.*)  Even if she is subject to removal or her freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause.  *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

ii.        *Process Required*

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private interest in her own liberty that is unquestionably affected by the Government's actions detaining her.  The amount of time

Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by her detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for her detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. Respondents do not argue Petitioner is a danger to the public or a flight risk. Petitioner has no criminal history other than her pending misdemeanor domestic battery charge and has established ties to her community. Therefore, the risk that she is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to her detention. She received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

### IV.   CONCLUSION

Accordingly, the Court GRANTS the Petition for Writ of Habeas Corpus.[4]  (ECF No. 17)

---

[4]   Petitioner also sought an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 17 at 12.)  The Court will consider any timely filed request for fees and

IT IS HEREBY ORDERED:

1.    Respondents must IMMEDIATELY RELEASE Petitioner Joseline G. (A # 240-958-759) from custody.  At the time of release, Respondents must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on her as a condition of her release.

2.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future; or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that the Government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.    **The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.**

4.    The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 19, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

costs on a properly noticed and supported motion.

7